UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WHITE WAY, INC. d/b/a Excel Linen Supply,<br><br>        Plaintiff,<br><br>        v.<br><br>FIREMEN'S INSURANCE CO. OF WASHINGTON, D.C.,<br><br>        Defendant. | Case No. 22-2195-KHV-RES |

### MEMORANDUM AND ORDER

Plaintiff White Way, Inc. d/b/a Excel Linen Supply ("White Way" or "Plaintiff") moves to disclose its experts past the deadline in the current Scheduling Order. ECF No. 15. Defendant Firemen's Insurance Co. of Washington, D.C. ("Firemen's Insurance" or "Defendant") opposes the Motion on the grounds that White Way failed to establish excusable neglect and good cause to amend the Scheduling Order. *See* ECF No. 17. For the reasons explained below, the Motion is granted.

**I.    BACKGROUND**

    **A.    Procedural Background**

On May 27, 2022, this case was removed from the Wyandotte County District Court to this Court on the basis of diversity jurisdiction. *See* ECF No. 1. Plaintiff alleges the roof of its commercial building was covered by an insurance policy issued by Firemen's Insurance. ECF No. 1-1 at 2, ¶¶ 7, 9. On or about May 10, 2021, White Way notified its insurance broker of a roof leak, who in turn notified Firemen's Insurance. *Id.* at 3, ¶¶ 11-12.

On June 1, 2021, Brian Donigan and Jerry Keep of Weather Tech Renovations ("Weather

Tech") issued an estimate for repairs they believed were necessary for the roof. ECF No. 15 at 1. White Way submitted the estimate to Firemen's Insurance. *Id.* On June 14, 2021, Cody Tarbell, P.E. of Engineering Design & Testing Corp., inspected the roof on behalf of Firemen's Insurance and issued a report confirming that the center of the roof sustained hail damage during the policy period and needed to be replaced. *Id.*

Firemen's Insurance subsequently submitted Mr. Tarbell's report and Weather Tech's estimate to Newman Construction Consulting ("Newman"). *Id.* at 1-2. Ed Reed of Newman then issued a repair estimate which, according to White Way, tracks with Weather Tech's estimate minus a few exceptions. *Id.* at 2. On September 17, 2021, Firemen's Insurance sent a letter to White Way indicating that the total loss to the center of the roof was $315,582.95. ECF No. 1-1 at 3, ¶ 17. White Way disagreed with this estimate because it did not include additional repairs it believed were necessary and did not account for loss to the south section of the roof. *See id.* at 3, ¶¶ 18-20; *see also* ECF No. 15 at 2. As such, White Way filed this case.

On July 1, 2022, White Way served its Rule 26 initial disclosures. ECF No. 15 at 2. In its disclosures, White Way identified Mr. Donigan, Mr. Keep and Carl Martin, P.E. of Engineering Perspective as individuals likely to have discoverable information regarding the existence of hail damage, the cost to repair the hail damage and repairs necessary to remedy the hail damage. *Id.*; *see also* ECF No. 15-1. On July 22, 2022, White Way produced the documents identified in its Rule 26 initial disclosure, including a July 1, 2022 repair estimate prepared by Mr. Donigan and Mr. Keep and a March 10, 2022 report by Mr. Martin. *Id.*; ECF No. 15-2.

### B. Scheduling Order

On July 12, 2022, the Court held a scheduling conference. ECF No. 7. The Court adopted nearly all of the dates the parties proposed for discovery in the Report of the Parties' Planning

Conference. The parties were able to begin discovery no later than July 12, 2022, with discovery scheduled to close on January 6, 2023, nearly six months later, which is on the long end of what is typically allowed in the District for discovery. *See* Fed. R. Civ. P. 26(d)(1) (parties may seek discovery after the Rule 26(f) conference in most cases); ECF No. 8 at 2, 4 (original Scheduling Order with the January 6, 2023 close of discovery deadline).

With regard to experts, in the Report of the Parties' Planning Conference, the parties suggested a September 30, 2022 deadline for White Way to disclose its experts. The Court agreed with this deadline, and the proposed October 31, 2022 deadline for Firemen's Insurance to disclose its experts. These deadlines are included in the filed Scheduling Order. ECF No. 8.

The docket reflects that little discovery has occurred since the July 12, 2022 scheduling conference. As of November 15, 2022, the date the Motion was fully briefed, White Way had served only one subpoena on EDT Engineering for draft reports, specific communications and specific photos and videos. ECF No. 11. On November 21, 2022, over four months after the discovery conference, White Way served its opening discovery requests.[1] ECF No. 21. Firemen's Insurance served its first set of interrogatories, requests for production and requests for admission on November 1, 2022. ECF No. 14.

### C. Plaintiffs' Expert Witness Deadline

White Way did not serve expert reports consistent with Rule 26(a)(2) on or before its September 30, 2022 deadline to disclose its experts. On October 31, 2022, Firemen's Insurance timely served its expert witness disclosures, identifying Mr. Tarbell and Mr. Reed. ECF No. 13;

---

[1] After the Motion was fully briefed, on November 18, 2022, White Way filed notices that Mr. Reed and Mr. Tarbell will be deposed on December 2 and 14, 2022, respectively. ECF Nos. 19-20. On November 21, 2022, White Way additionally filed notices of service for its initial discovery requests and supplemental Rule 26(a)(1) Initial Disclosures. ECF Nos. 21-22.

*see also* ECF No. 15 at 3.  White Way's counsel states that "[u]pon receipt of Defendant's expert disclosures, the undersigned counsel realized that he did not issue a formal expert disclosure by September 30 under the Scheduling Order."  ECF No. 15 at 3.  White Way's counsel states that he missed the deadline because of a "docketing error" which was "*not* something that was in the reasonable control of Plaintiff."  *Id.* at 5 (emphasis original).

The next day, White Way's counsel called Firemen's Insurance's counsel to apologize and to confirm that Mr. Donigan, Mr. Keep and Mr. Martin were White Way's only experts.  *Id.* at 3.  White Way's counsel explained that Plaintiff has "no additional reports other than those produced on July 22 . . . and offered to serve a formal expert disclosure."  *Id.*  That same day, White Way's counsel emailed Firemen's Insurance's counsel an expert disclosure identifying Mr. Martin as a retained expert, and Mr. Donigan and Mr. Keep as non-retained experts.  *Id.*; *see also* ECF No. 15-4.  White Way's counsel asked Firemen's Insurance's counsel whether he would require White Way to file a motion for leave to serve the formal disclosure out of time.  *Id.*  Firemen's Insurance's counsel responded that Defendant would require a motion and it would oppose the motion.  *Id.*

On November 8, 2022, the Court expedited briefing by the parties.  ECF No. 16.  Firemen's Insurance is strongly opposed to the Motion.  *See* ECF No. 17.  Firemen's Insurance argues that White Way's explanation for failing to timely disclose its experts is inadequate.  *Id.* at 4-5.  Defendant further argues that allowing White Way's untimely and incomplete expert disclosures would prejudice Firemen's Insurance and impact the current discovery deadline and potentially, the trial date.  *Id.* at 5.  White Way filed its Reply on November 15, 2022.  ECF No. 18.  This Motion is now before the Court.

4

## II. LEGAL STANDARD

In the Motion, White Way only addresses Rule 6(b)(1)(B) and D. Kan. Rule 6.1(a)(4)'s excusable neglect standard for moving to perform an act after the expiration of the relevant deadline. ECF No. 15 at 3-4. White Way states that it has only moved to disclose its experts "out of time, rather than to move the current expert disclosure deadlines." ECF No. 18 at 1. With this argument, Plaintiff hopes that the lower standard of excusable neglect applies here.[2]

But Plaintiff's Motion cannot be fairly construed as requesting leave for just the disclosure of untimely expert reports. Plaintiff did not file its Motion until *after* Defendant served its expert reports, meaning that Defendant did not have the chance to review Plaintiff's expert reports and depose Plaintiff's experts on those reports prior to disclosing its own experts by the Scheduling Order's October 31st deadline. In its Reply, Plaintiff effectively concedes that the "better solution" to this problem created by Plaintiff is to amend the Scheduling Order.[3] Because Plaintiff's motion necessarily impacts other scheduling order deadlines, Rule 16(b)(4)'s good cause standard also applies.[4]

Rule 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." The Tenth Circuit has described Rule 16(b)(4)'s good-cause standard as

---

[2] The Tenth Circuit has recognized that although good cause and excusable neglect are related, "'good cause' requires a greater showing than 'excusable neglect.'" *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (quoting *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991)).

[3] *See* ECF No. 18 at 1 ("Plaintiff filed its motion to disclose experts out of time, rather than to move the current expert disclosure deadlines, because Plaintiff assumed that Defendant's experts already took into account the opinions forming the basis for Plaintiff's claims. Based on Defendant's reference to Rule 16, a better solution may be to amend the Scheduling Order (Doc. 8) to move Plaintiff's expert disclosure deadline to November 1 (when the disclosure was served) and Defendant's expert disclosure deadline to December 15.").

[4] *See, e.g.*, *CGB Diversified Servs., Inc. v. Forsythe*, No. 20-CV-2120-TC-TJJ, 2021 WL 672168, at *1 (D. Kan. Feb. 22, 2021) (plaintiff was required to show both good cause and excusable neglect to amend scheduling order after expert witness disclosure deadline passed); *API*

requiring the movant to show that existing scheduling order deadlines "cannot be met despite the movant's diligent efforts." *Tesone*, 942 F.3d at 988; *see also* Fed. R. Civ. P. 16(b)(4) advisory committee's note to the 1983 amendment (stating good cause exists when a schedule cannot be reasonably met despite the diligence of the party seeking the extension). The good-cause standard requires the moving party to provide an adequate explanation for the delay. *Tesone*, 942 F.3d at 988.

"'[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" *Id.* at 989 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Moreover, "'[m]ere failure on the part of counsel to proceed promptly with the normal process of discovery and trial preparation . . . should not be considered good cause.'" *Id.* at 989 (quoting *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005)).

The Court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011). "Despite this 'broad discretion in managing the pretrial schedule,' the Tenth Circuit has concluded that 'total inflexibility is undesirable.'" *Little*, 2018 WL 836292, at *2 (quoting *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604

---

*Americas, Inc. v. Miller*, No. 17-2617-HLT-KGG, 2018 WL 9810845, at *1 (D. Kan. Sept. 24, 2018) (the defendant sought to submit discovery past the discovery deadline pursuant to Rule 6(b)(1)(B) and D. Kan. Rule 6.1, but the court determined the defendant's argument should be analyzed under Rule 16(b)(4) because the defendant was attempting to extend an expired deadline from the scheduling order).

In *Tesone v. Empire Mktg. Strategies*, the Tenth Circuit only applied Rule 16(b)(4)'s good cause standard when the plaintiff filed a motion to amend the scheduling order deadline to add an expert seven months after the expert disclosure deadline. 942 F.3d 979, 989 (10th Cir. 2019). Some judges in this District have followed that analysis, only applying the good cause standard under Fed. R. Civ. P. 16(b)(4) when a party missed their expert witness disclosure deadline. *See, e.g.*, *Little v. Budd Co.*, No. 16-4170-DDC-KGG, 2018 WL 836292, at *3 (D. Kan. Feb. 13, 2018); *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2016 WL 6071796, at *4 (D. Kan. Oct. 17, 2016); *Parker v. Cent. Kansas Med. Ctr.*, 178 F. Supp. 2d 1205, 1210 (D. Kan. 2001), *aff'd*, 57 F. App'x 401 (10th Cir. 2003). Because White Way has not met Rule 16(b)(4)'s good cause standard, the Court does not address the excusable neglect standard.

(10th Cir. 1997)). "While a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, . . . rigid adherence to the . . . scheduling order is not advisable." *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp 1218, 1221 (D. Kan. 1995) (quotation and citation omitted). Moreover, "a scheduling order which produces an exclusion of material evidence is a 'drastic sanction.'" *Little*, 2018 WL 836292, at *2 (quoting *Summers*, 132 F.3d at 604).

## III.  DISCUSSION

### A.  White Way Has Not Shown Good Cause

White Way has not made the good cause showing required by Rule 16(b)(4). White Way states it missed its expert witness disclosure deadline because of counsel's docketing error. ECF No. 15 at 5. White Way's counsel states that he is "embarrassed by his oversight" and "[i]nsofar as it was counsel's error, this error was not something within Plaintiff's reasonable control and, therefore, should not be held against Plaintiff." *Id.* While the error was not within White Way's direct control, it was within the control of counsel. White Way's counsel does not provide any unexpected circumstances, conflicts or other reasons for why White Way could not make its expert witness deadline. White Way's counsel's docketing error is not an adequate explanation for White Way's failure to timely disclose its expert witnesses. White Way's counsel's failure to accurately record a crucial deadline, particularly when the deadline was adopted at White Way's request, weighs against any finding of good cause.

Moreover, there is no showing that White Way's expert witness disclosure deadline could not be met despite its diligent efforts. Nearly one month passed between White Way's expert disclosure deadline and when White Way's counsel realized he missed the deadline. As Firemen's Insurance points out, "Firemen's [expert witness] disclosure is the *only* reason Plaintiff file[d] its

Motion." ECF No. 17 at 1 (emphasis original). During that month, White Way engaged in no discovery, which has been the case since the July 12, 2022 scheduling conference. As of November 15, 2022, nearly four months after the scheduling conference, White Way had issued only one subpoena. ECF No. 11. Coincidently, the docket reflects that White Way only began engaging in discovery after counsel realized he missed the expert witness disclosure deadline. *See* ECF No. 21 (over four months after the scheduling conference, White Way served its opening discovery requests on November 21, 2022).

Plaintiff's Motion includes information regarding its attempts to depose Mr. Tarbell and Mr. Reed, presumably to suggest that it is Firemen's Insurance's fault that no depositions have occurred in this case. It is unclear why this information is relevant to Plaintiff's failure to meet its expert disclose deadline because Plaintiff does not allege that these depositions were necessary prior to Plaintiff's disclosure of its experts.

To the extent these arguments have any relevance to the issue before the Court, Plaintiff's arguments further establish Plaintiff's lack of good cause. White Way states that after it participated in mediation on September 22, 2022, it realized "Mr. Tarbell and Mr. Reed [do] not have an accurate understanding of the existing configuration of the roofing materials." ECF No. 15 at 2. Yet, this realization did not prompt Plaintiff to ensure that its experts timely disclosed their understanding of the roofing materials at issue in this litigation. Moreover, even if Plaintiff requested the depositions of Mr. Tarbell and Mr. Reed on October 24, 2022, White Way provides no explanation for why it waited nearly three and a half months after the Court entered the Scheduling Order, and over a month after it realized Mr. Tarbell and Mr. Reed needed to be deposed, to try to schedule these depositions. Declining to participate in discovery for nearly four

8

months does not establish that the expert deadline could not have been met despite the diligence of the parties.[5]

### B.      Disallowing White Way's Expert Reports Would Be Too Harsh of a Result

Nevertheless, despite White Way's wholesale failure to establish good cause, not allowing it to serve expert reports would have a profound impact on its ability to present its case. As a practical matter, denying White Way the ability to disclose experts could effectively be dispositive of the case because it may be unable to meet its burden to prove breach of contract and damages caused by a breach.

If the exclusion of evidence would be dispositive, it is subject to more careful scrutiny. *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017); *see also Summers*, 132 F.3d at 604 ("The decision to exclude evidence is a drastic sanction."). In such instances, the Court must consider lesser sanctions or other measures to remediate prejudice to the opposing party. *Id.* at 1205; *see also Gillum v. United States*, 309 F. App'x 267, 270 (10th Cir. 2009) (reversing district court's exclusion of a medical malpractice expert's testimony after service of a deficient expert report that ultimately resulted in the district court granting defendant's summary judgment motion); *LoganTree LP v. Garmin Int'l, Inc.*, 339 F.R.D. 171, 188 (D. Kan. 2021) (district court granted motion to amend scheduling order to allow experts despite failure to satisfy Rule 16(b)(4)'s good cause standard because not allowing the plaintiff to present

---

[5]      *See, e.g.*, *Eppley v. SAFC Biosciences, Inc.*, No. 20-2053-TC-ADM, 2020 WL 7353865, at *4 (D. Kan. Dec. 15, 2020) (finding a lack of good cause to modify a scheduling order because a party had not acted diligently when it allowed more than two months to lapse before serving opening discovery requests and took no meaningful action to schedule certain later-requested depositions within the discovery period provided); *see also Dryden v. City of Hays, Kan.*, No. 11-1354-KGS, 2012 WL 2993914, at *2 (D. Kan. July 20, 2012) (spending time responding to a motion for summary judgment did not constitute good cause to amend the scheduling order when the plaintiff waited well over two months before propounding initial discovery requests).

infringement expert report would be dispositive). In determine whether the exclusion of evidence is warranted, the Court will consider: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *HCG Platinum, LLC*, 873 F.3d at 1200. Despite the Court finding that Defendant has been prejudiced, under the circumstances here, these factors weigh against exclusion.[6]

### 1. Defendant has been Prejudiced

The parties spend a majority of their briefing focusing on the potential prejudice to Firemen's Insurance if White Way is allowed to disclose its experts past the original Scheduling Order deadline. White Way argues that because Firemen's Insurance knew about Mr. Donigan, Mr. Keep and Mr. Martin and disclosed their respective opinions as part of its initial disclosures, Firemen's Insurance "cannot honestly argue it was not aware that Plaintiff was relying on [their] opinions . . . to identify the necessary repairs and the reasonable cost of the same." ECF No. 15 at 4.

Firemen's Insurance argues that White Way's initial disclosures did not mention "'experts' or 'expert reports,' or anything else that implies that the disclosed individuals are 'experts.'" ECF No. 17 at 2. As such, Firemen's Insurance argues it timely disclosed its expert reports "with no reference to any information or opinions from Plaintiff's experts" and allowing White Way to disclose its experts now would render "Firemen's expert's opinions and written discovery [ ] void." *Id.* at 5. Moreover, Firemen's Insurance states that it may have retained additional experts and

---

[6] With regard to Factor 3, trial is not scheduled until May 1, 2023, ECF No. 9, which means that the amendments to the scheduling order discussed in this order will not disrupt the trial. As to Factor 4, while the Court does not condone White Way's counsel's behavior in connection with White Way's expert witness deadlines, the delays do not rise to the level of willfulness or bad faith.

included written discovery that pertained to White Way's experts had they been timely disclosed. *Id.*

In its Reply, Plaintiff outrageously argues that Firemen's Insurance "stood idly by" when it realized White Way did not serve expert reports. ECF No. 18 at 2. Not surprisingly, Plaintiff does not cite to any authority in which counsel has an obligation to remind their opposing counsel of a scheduling order deadline. Firemen's Insurance had no obligation to inform White Way that it missed its own expert witness disclosure deadline.

Contrary to White Way's position, just because Firemen's Insurance knew that Mr. Donigan, Mr. Keep and Mr. Martin might have relevant knowledge does not mean Firemen's Insurance knew it would designate them as experts. Initial disclosures under Rule 26(a)(1) are not expert witness disclosures under Rule 26(a)(2).[7] Firemen's Insurance "should not be made to assume that each witness disclosed by [White Way] could be an expert witness at trial." *Musser*, 356 F.3d at 757. As Firemen's Insurance points out, there is no reference in White Way's initial disclosures that Mr. Donigan, Mr. Keep and Mr. Martin are experts. *See* No. 15-1. Had Firemen's Insurance known that Mr. Donigan, Mr. Keep and Mr. Martin were experts, it may have deposed them prior to its expert witness deadline, incorporated any of their testimony or opinions in its expert reports or even retained other experts.

---

[7] "Disclosing a person as a witness and disclosing a person as an expert witness are two distinct acts." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004); *see Beauchamp v. City of Dixon*, No. 11 CV 50121, 2014 WL 901437, at *4 (N.D. Ill. Mar. 7, 2014), *report and recommendation adopted sub nom. Beauchamp v. City of Dixon, Ill.*, No. 11 C 50121, 2014 WL 1315403 (N.D. Ill. Mar. 31, 2014) (rejecting argument that the plaintiff satisfied her Rule 26(a)(2) disclosure requirements when she disclosed her expert witnesses in her initial disclosures); *see also Morton v. Progressive N. Ins. Co.*, 498 Fed. App'x 835, 839 (10th Cir. 2012) ("duty to disclose a witness *as an expert* is *not* excused when a witness who will testify as a fact witness *and* as an expert witness is disclosed as a fact witness.") (quoting *Trible v. Evangelides*, 670 F.3d 753, 759 (7th Cir. 2012) (emphasis original))).

Moreover, it does not matter that White Way disclosed Mr. Donigan, Mr. Keep and Mr. Martin's estimates and reports as part of Plaintiff's initial disclosures because expert disclosures require the disclosure of additional information. Prior to Firemen's Insurance's expert witness disclosure deadlines, Mr. Donigan, Mr. Keep and Mr. Martin's estimates and reports did not comply with Rule 26(b)(2)(B)-(C) because they did not, for example, include compensation statements, previous testimony in cases or a summary of the facts and opinions to which the witness is expected to testify. *See* ECF No. 17 at 2; ECF No. 18 at 2. It is White Way's burden to prove breach of contract and damages and how it proves these elements is up to White Way. The Scheduling Order, which again largely adopted the parties' proposed dates, required Plaintiff to disclose its experts first. *See* Fed. R. Civ. P. 26(a)(2) advisory committee's note to the 1993 amendment ("in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue *before* other parties are required to make their disclosures with respect to that issue." (emphasis added)).

The Scheduling Order did not require Firemen's Insurance to guess as to which, if any, of the initial disclosure documents might be incorporated by Plaintiff's expert. Instead, the Scheduling Order required Plaintiff to affirmatively disclose its experts. White Way seems to argue that Firemen's Insurance should have assumed White Way's failure to timely disclose its experts meant: (1) it was still planning to rely on Mr. Donigan, Mr. Keep and Mr. Martin as experts; and (2) the information disclosed on July 22, 2022, over four months ago, served as full expert reports. But that is not purpose of Rule 26(a)(2). "Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial." *Musser*, 356 F.3d at 757.

### 2. Defendant's Prejudice Can be Cured

Despite finding that Defendant has been prejudiced, this prejudice can be cured by amending the Scheduling Order to give Firemen's Insurance time to review White Way's complete expert reports, depose White Way's experts and issue supplemental or new expert reports, as necessary. Granting Firemen's Insurance this additional time will not impact the dispositive motion deadline or the trial date, which is not until May 1, 2023. ECF No. 9.

Although White Way has not established good cause to amend the Scheduling Order under Rule 16(b)(4), the Court will allow it to serve its expert disclosures past the original deadline for the simple reason that denying the Motion could result in a case-dispositive result. On or before **November 28, 2022**, White Way must serve one complete expert witness disclosure for each expert, which must include all the information necessary to comply with Rule 26(a)(2). White Way may disclose only Mr. Donigan, Mr. Keep, and Mr. Martin as its experts and may not modify or amend their reports in any way other than to ensure that the disclosure fully complies with Rule 26(a)(2) and the date of disclosure is updated. Along with its disclosures, on **November 28, 2022**, White Way must provide Firemen's Insurance with multiple confirmed dates in December 2022 on which its experts are available to be deposed.

The Court will amend the Scheduling Order to allow Firemen's Insurance sufficient time to review White Way's expert witness disclosures and issue supplemental expert witness reports. On or before **January 13, 2023**, Firemen's Insurance may serve supplemental or new expert witness disclosures. Along with its disclosures, on **January 13, 2023**, Firemen's Insurance must provide White Way with multiple confirmed dates before the close of discovery on which its experts are available to be deposed.

On or before **January 30, 2023**, the parties must complete expert witness depositions. The Court will extend the deadline to complete all fact and expert discovery to **January 30, 2023**.

The pretrial conference is rescheduled for **February 8, 2023, at 10:00 a.m.** No later than **February 1, 2023**, Firemen's Insurance's counsel must submit the parties' proposed pretrial order as an attachment to an e-mail sent to *ksd_schwartz_chambers@ksd.uscourts.gov*. All other provisions and deadlines in the July 12, 2022 Scheduling Order, ECF No. 8, and the Notice of Hearing resetting the trial date, ECF No. 9, remain unchanged. The Court is unlikely to grant any further extensions to remaining case management deadlines.

### C. White Way's Reasonable Fees and Costs

In its opposition, Defendant asked the Court to "require that Plaintiff pay for the reasonable fees and costs associated with Firemen's experts' review of Plaintiff's disclosed documents and issuing supplemental reports . . . ." ECF No. 17 at 6. Defendant does not specify under which Rule Plaintiff should be ordered to pay these reasonable fees and costs or what fees and costs Defendant may request, presumably because Defendant will continue to incur such fees and costs up through its disclosures on January 13, 2023.

To that end, the Court orders Firemen's Insurance to notify White Way and the Magistrate Judge's chambers via email (*ksd_schwartz_chambers@ksd.uscourts.gov*) on or before **January 20, 2023**, whether Firemen's Insurance intends to seek an award of any fees and costs related solely to Plaintiff's untimely disclosure of its expert reports, including expenses incurred in supplementing its expert disclosures. If so, the notice shall provide the exact dollar amount requested and the Rule(s) under which Defendant would move for such an award. Thereafter, the parties must confer on or before **January 27, 2023**, to attempt to reach an agreement regarding the issue of reasonable expenses.

If the parties have not reached an agreement by that date, Firemen's Insurance may file a motion seeking reasonable expenses on or before **February 3, 2023**, with the memorandum in support limited to seven, double-spaced pages. White Way's response brief is due by on or before **February 10, 2022**, and is limited to seven, double-spaced pages. Firemen's Insurance's reply brief is due on or before **February 17, 2023**, and is limited to five, double-spaced pages.

## IV. CONCLUSION

For the reasons explained above, White Way's Motion for Leave to Serve Expert Witness Disclosures Out of Time, ECF No. 15, is **GRANTED**. The Scheduling Order is amended as follows:

| Event | Deadlines |
| --- | --- |
| Expert reports disclosed by Plaintiff | **November 28, 2022** |
| Expert reports disclosed by Defendant | **January 13, 2023** |
| All fact and expert discovery complete | **January 30, 2023** |
| Proposed pretrial order due | **February 1, 2023** |
| Pretrial Conference by telephone (888-363-4749; access code 5705809) | **February 8, 2023, at 10:00 a.m.** |

All other provisions and deadlines in the July 12, 2022 Scheduling Order, ECF No. 8, and the Notice of Hearing resetting the trial date, ECF No. 9, remain unchanged.

**IT IS FURTHER ORDERED** that if Firemen's Insurance provides written notice of its request for reasonable expenses on or before **January 20, 2023**, the parties shall adhere to the meet and confer deadlines, briefing schedule and page limitations set out above.

15

**IT IS SO ORDERED.**

Dated: November 23, 2022, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
U.S. Magistrate Judge